IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–07–H–DWM |
| Plaintiff, | |
| | ORDER |
| vs. | |
| JOSEPH DAVID ROBERTSON, | |
| Defendant. | |

On October 9, 2015, Defendant Joseph David Robertson's financial

eligibility for appointed counsel was referred to United States Magistrate Judge

Johnston for review. (Doc. 80.) Judge Johnston held two hearings (*see* Minute

Entries, Docs. 99 and 106), and required Robertson to provide supplemental

information regarding his assets, (Suppl. Fin. Info., Doc. 100). On December 7,

2015, Judge Johnston ordered Robertson to repay $12,000 within 90 days, and to

match dollar-for-dollar future payments to Robertson's civil counsel. (*See* Doc.

113.) On December 16, 2015, Robertson appealed that order.[1] (Doc. 137.)

_____

[1]      Robertson improperly relied 18 U.S.C. § 3402 in challenging Judge Johnston's
order. (Doc. 137.) Robertson's "Notice of Appeal" is construed as a timely objection pursuant

Pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure, courts must consider timely objections to a non-dispositive order on referral to a magistrate judge "and modify or set aside any part of the order that is contrary to law or clearly erroneous." *See also* 28 U.S.C. § 636(b)(1)(A). Judge Johnston's order is modified in part as explained below.

Pursuant to the CJA guidelines,[2] "[a] person is financially unable to obtain counsel within the meaning of 18 U.S.C. § 3006A(b) if the person's net financial resources and income are insufficient to obtain qualified counsel." § 210.40.30(a) (Standards of Eligibility) (internal quotation marks omitted). "In determining whether such insufficiency exists, consideration should be given to[ ] the cost of providing the person and his dependents with the necessities of life." § 210.40.30(a)(1). "Any doubts as to a person's eligibility should be resolved in the person's favor." § 210.40.30(b). A defendant may be found partially eligible "[i]f a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide the person and that person's dependents with the necessities of life and to provide the defendant's release on bond, but are

_____

to Rule 59(a).

[2]     Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel, last accessed December 29, 2015 (available at http://www.uscourts.gov/rules-policies/judiciary -policies/cja-guidelines/chapter-2-ss-210-representation-under-cja).

insufficient to pay fully for retained counsel." § 210.40.40 (Partial Eligibility).  In

such a situation, "the judicial officer should find the person eligible for the

appointment of counsel under the CJA and should direct the person to pay the

available excess funds to the clerk of the court at the time of such appointment or

from time to time thereafter." *Id.*  That course of action is appropriate here.

Robertson's financial resources and his monthly expenses and debt

information were provided in a asset disclosure, (Doc. 100-1), and an updated CJA

Financial Affidavit, (Doc. 97).[3]  Robertson's has a monthly income of a little over

$2,000 per month from social security and disability.  (Doc. 100-1 at 1.)  He also

has income from the water tender business he has with his wife, valued at

approximately $28,000 per year before expenses (approximately $2,000 per

month).  (*Id.*)  He has approximately $6,424 in his bank accounts, not counting the

$13,000 that is in his wife's personal account for the business.[4]  (*Id.*)  Robertson

also has an interest in numerous parcels of real property as well as ownership of

---

[3]     While the government was granted access to Robertson's original CJA 23
affidavit, (Doc. 11), there is no indication from the record that the government has seen the
updated affidavit.

[4]     The Court may consider the financial situation of the defendant's spouse if the
spouse indicates his or her willingness to pay all or part of the costs of counsel.  S*ee* § 210.40.50
(Family Resources).  Mrs. Robertson did not indicate a willingness to pay here.  (*See* Tr. Show
Cause Hearing, Doc. 142 at 5.)  Even if she had, Robertson's financial resources are sufficient for
a finding of partial eligibility without looking to those of his wife and consideration of his wife's
assets would not push him over the threshold into being able to fully afford retained counsel.

machinery, equipment, and automobiles. (*Id.* at 1-4 (listing 13 patented mining claims and 9 items not owned by his wife in her name alone).) Robertson's real estate—excluding the parcel with Robertson's primary residence on it—is valued at over $40,000. (*Id.* at 1-2.) The machinery, equipment, and automobiles—excluding those held in his wife's name alone—are valued over $75,000. (*Id.* at 3-4.) When Robertson's self-reported monthly payments and total debt are compared to his approximate monthly income of $4,000 and non-liquid assets valued at over $100,000, Robertson's financial resources and income are in excess of what is needed to provide for he and his wife.

However, Robertson's financial resources are insufficient to pay fully for retained counsel. As indicated in defense counsel's response to the Judge Johnston's show cause order, a private attorney would require an estimated $50,000 retainer to take this case, with additional expenses for investigators and experts. (Doc. 100 at 2.) That appears to be a fair estimate in light of the approximate cost of Robertson's October 2015 trial. Considering the 271.38 hours of work that trial counsel and 229 hours of work that the investigator have already devoted to this case, the total defense cost at that point in time would exceed $50,000 at a standard CJA rate. Defense counsel has appeared in Court twice since then, briefed additional motions, and responded to additional requests from

the Court. Robertson also faces a second trial. With this in mind, the full defense cost of this case will exceed Robertson's current financial resources. The government appears to agree. (*See* Tr. Show Cause Hearing, Doc. 142 at 8-9 (indicating that $50,000 was "extremely high").) Accordingly, Robertson is partially eligible for an appointed attorney and will be required to pay just some of the defense cost.

Judge Johnston ordered Robertson to pay a lump sum of $12,000 within 90 days and to match dollar-for-dollar any payments to civil counsel in his pending lawsuits. (Doc. 113.) A lump sum of $12,000 is appropriate in light of the valuation of Robertson's assets. However, to the extent future payment is conditioned on payments to civil counsel, that Order is modified to reflect a set monthly payment to balance Robertson's constitutional right to counsel with his ability to pay. While payments to civil counsel support the finding that Robertson has the ability to pay, they have no bearing on the amount to be paid or the schedule by which payments will be made. Robertson will be required to pay defense costs at a set monthly rate in consideration of his approximate monthly income and expenses.

Accordingly, IT IS ORDERED that Judge Johnston's Order of December 7, 2015, (Doc. 113) is ADOPTED-IN-PART and MODIFIED-IN-PART.

IT IS FURTHER ORDERED Robertson pay lump sum of $12,000 to the

Clerk of Court on or before March 7, 2016.[5]  Going forward, Robertson shall pay

the sum of three hundred dollars ($300.00) per month to the Clerk of Court for

defense costs in this matter, pursuant to 18 U.S.C. § 3006A(f).  The first payment

of $300.00 shall be made on or before February 1, 2016, and each subsequent

payment shall be made on or before the 1st day of each month during the

pendency of this case.  If, during the pendency of this case, Robertson's financial

condition changes, he may petition the Court for a reduction in the defense costs in

this matter.

Dated this 15th day of January, 2016.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

[5]     This date reflects the original due date for the lump sum payment of 90 days from the date of Judge Johnston's order.  (*See* Doc. 113 at 4.)